**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ANNABELLA GALDAMEZ, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br>**THERAPYMATCH, Inc. d/b/a HEADWAY,**<br><br>**Defendant.** | **Case No.: 26-CV-3181**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Annabella Galdamez, on behalf of herself and all others similarly situated, by and through her attorneys Outten & Golden LLP, alleges, upon personal knowledge as to herself and upon information and belief as to all other matters, as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime compensation and other damages for Plaintiff and similarly situated individuals who have worked for Defendant TherapyMatch, Inc. d/b/a Headway ("Headway" or "Defendant"), in the job titles of Account Executive, Provider Growth Associate or Growth Associate, Senior Provider Growth Associate or Senior Growth Associate, Provider Sales Associate or Sales Associate, and other similar roles, however variously titled (together, "Sales Representatives").

2. Headway is a software company that created an online mental health platform that connects therapy seekers ("Patients") with mental health care providers ("Providers") who accept insurance. Although Providers do not have to pay for the platform, Headway earns revenue from every transaction between a Provider and a Patient.

3. Headway therefore employs Sales Representatives to sell access to the platform to

Providers.

4. Although Headway's mission is to make mental health care more accessible, the well-being of its employees is not its priority. On information and belief, as part of its written "cultural principles," Headway told its employees: "Headway is not for everyone (forever) and that's okay. If/when you're . . . optimizing for work-life-balance, and want to join a company that exists to serve employees rather than customers, this isn't the best place for you." Headway's Cultural Principles continue: "If you're looking to maximize your impact; optimize for working hard . . . then this is the place for you." On information and belief, during a call reviewing these principles, CEO Andrew Adams told Headway employees that they should expect to work more at Headway than they had at any other company, and if an employee did not agree with working hard in support of the company's mission, then they should leave.

5. Consistent with these cultural principles, Headway requires its Sales Representatives to meet productivity requirements and quotas. Plaintiff and similarly situated employees work long hours, often in excess of 40 hours per workweek, in order to comply with company expectations, complete required tasks, meet productivity requirements, and earn commissions.

6. While employed by Headway, Plaintiff consistently worked more than 40 hours per workweek without receiving overtime compensation.

7. During the relevant period, it has been Headway's policy to uniformly classify Sales Representatives, including Plaintiff, as exempt from overtime provisions and not to pay Sales Representatives any overtime wages.

8. The primary duties of Sales Representatives are non-exempt. These primary duties do not vary significantly from one Sales Representative to another.

9. The primary duties of Sales Representatives do not fall under any overtime exemption.

10. Sales Representatives have worked overtime hours and are entitled to overtime compensation for all overtime hours worked.

11. Throughout the relevant period, it was Headway's policy to deprive Plaintiff and other Sales Representatives of overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and the California Labor Code ("Cal. Lab. Code") and applicable Wage Orders and regulations, and the California Unfair Business Practices Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*. (collectively, the "California Wage Laws").

12. Plaintiff brings this action on behalf of herself and all similarly situated current and former Sales Representatives who worked for Headway pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

13. Plaintiff also brings this action to recover unpaid overtime compensation and other damages for herself and similarly situated Sales Representatives employed by Headway in California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to remedy violations of the California Wage Laws.

## JURISDICTION & VENUE

14. This Court has federal question jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

15. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

16. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C.

§§ 2201 and 2202.

17. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because Headway is headquartered in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

***Plaintiff Annabella Galdamez***

18. Plaintiff Galdamez is an adult individual who is a resident of Orange County, California.

19. Plaintiff Galdamez was employed by Headway from November 2023 to July 2024 as a Provider Growth Associate.

20. Plaintiff Galdamez was an "employee" within the meaning of all applicable statutes.

21. Plaintiff Galdamez regularly worked more than 40 hours in a workweek but was not paid overtime for hours worked over eight in a day or 40 in a week. Illustratively, to the best of her recollection, in or around the last week of June 2024, Plaintiff Galdamez worked approximately 50 to 55 overtime hours without receiving overtime compensation for hours worked over 40.

22. Plaintiff Galdamez's written consent to join this action is attached as **Exhibit A**.

***Defendant TherapyMatch, Inc. d/b/a Headway***

23. Upon information and belief, Headway is a corporation formed under the laws of the State of Delaware, with its principal place of business in New York, New York.

24. Upon information and belief, Headway has maintained control, oversight, and direction over its operations and employment practices.

25. At all times relevant to this Complaint, Headway was Plaintiff's employer within the meaning of all applicable statutes.

26. At all times relevant to this Complaint, Headway maintained control, oversight, and direction over Plaintiff and other Sales Representatives, including timekeeping, payroll and other employment practices that applied to them.

27. Headway has applied the same employment policies, practices, and procedures to all Sales Representatives, including policies, practices, and procedures with respect to the payment of overtime compensation.

28. Headway's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(1)(A)(ii).

29. Upon information and belief, Headway has received approximately $320 million in Series A-D funding and has a valuation of approximately $2.3 billion.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings the First Cause of Action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated individuals who work or have worked for Headway as exempt-classified Sales Representatives nationwide within the last three years and who elect to opt into this action (the "FLSA Collective").

31. Upon information and belief, there are dozens of current and former Sales Representatives who are similarly situated to Plaintiff and were denied overtime compensation.

32. Plaintiff is acting on behalf of Headway's current and former Sales Representatives' interests as well as her own interests in bringing this action.

33. Headway has unlawfully required Plaintiff and other Sales Representatives to work in excess of 40 hours per week without paying them overtime compensation at a rate of at

least one and one-half times their regular hourly rate for all overtime hours worked.

34. Headway has been aware or should have been aware that the law required it to pay Sales Representatives, including Plaintiff and the FLSA collective, an overtime premium of one and one-half times their regular rate of pay for all overtime hours Headway suffered or permitted them to work.

35. Upon information and belief, Headway applied the same unlawful policies and practices to its Sales Representatives nationwide.

36. Upon information and belief, Headway's unlawful conduct was widespread, repeated, and consistent.

37. The FLSA Collective members are readily identifiable and locatable through the use of Headway's records. The FLSA Collective members should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective members, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by Headway.

## **CALIFORNIA CLASS ACTION ALLEGATIONS**

38. Plaintiff brings the Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, the California Wage Law claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all similarly situated persons who work or have worked for Headway as in the job titles of Account Executive, Provider Growth Associate or Growth Associate, Senior Provider Growth Associate or Senior Growth Associate, Provider Sales Associate or Sales Associate, and other similar roles, however variously titled, in California on or after April 17, 2022 (the "California Class").

39. Excluded from the California Class are Headway's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Headway; the Judge(s) to whom this case is assigned and any member of the Judge(s)' immediate family; and all persons who submit timely and otherwise proper requests for exclusion from the California Class.

40. The members of the California Class identified above are so numerous that joinder of all members is impracticable. Although Plaintiff does not know the precise number of such persons, the facts on which the calculation of that number can be based are presently within the sole control of Headway.

41. Upon information and belief, the size of the California Class is at least 40 individuals.

42. Headway has acted or refused to act on grounds generally applicable to the California Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the California Class as a whole.

43. Common questions of law and fact exist as to the California Class that predominate over any questions solely affecting individual members of the California Class, including but not limited to:

a. Whether Headway violated the California Wage Laws;

b. Whether Headway failed to pay proper compensation to California Class Members for all work hours in excess of eight per workday and 40 per workweek in violation of Cal. Labor Code § 510 and related IWC Wage Orders;

c. Whether Headway failed to timely pay California Class Members' wages due during employment and upon separation in violation of Cal. Labor Code §§ 201, 202, 203, and 204 and related IWC Wage Orders;

d. What proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

e. Whether Headway failed to furnish California Class Members with timely, accurate and itemized wage statements in violation of Cal. Labor Code § 226(a);

f. Whether the Defendant failed to reimburse Class Members for reasonable and necessary expenses incurred in performance of their job duties, including but not limited to, expenses incurred in connection with working remotely or from a home office, including internet usage, in violation of Cal. Labor Code § 2802;

g. The nature and extent of California Class-wide injury and the appropriate measure of damages for the California Class; and

h. Whether Headway acted willfully or with reckless disregard with respect to the alleged violations.

47. The claims of Plaintiff are typical of the claims of the California Class she seeks to represent, and the relief sought is typical of the relief which would be sought by each member of the California Class in separate actions.

44. Plaintiff and the California Class members work, or have worked, for Headway as Sales Representatives and have been subjected to its policy and pattern or practice of failing to pay overtime wages for hours worked in excess of eight hours per day and/or 40 hours per workweek.

45. Plaintiff will fairly and adequately represent and protect the interests of the members of the California Class. The Plaintiff understands that, as a class representative, she assumes a fiduciary responsibility to the California Class to represent its interests fairly and adequately. Plaintiff recognizes that, as a class representative, she must represent and consider the interests of the California Class just as she would represent and consider her own interests. Plaintiff understands that, in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the California

Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the California Class. Plaintiff understands that in order to provide adequate representation, she must remain informed of developments in the litigation, cooperate with class counsel, and testify, if required, at a deposition and/or trial.

46. Plaintiff has retained counsel competent and experienced in complex class action employment litigation. There is no conflict between the Plaintiff and the California Class members.

47. All the members of the California Class were subject to the same corporate policies, as alleged herein. Headway's corporate-wide policies and practices affected all members of the California Class similarly. Plaintiff and other members of the California Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

48. Headway has acted or refused to act on grounds generally applicable to the California Class thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

49. California Class members were damaged and are entitled to recovery as a result of Headway's violations of the California Wage Laws as well as Headway's common and uniform policies, practices, and procedures.

50. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Headway damaged the members of the

California Class, and the California Class is entitled to recovery as a result of Headway's common and uniform policies, practices, and procedures. Although the damages individual members of the California Class have suffered are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual California Class members lack the financial resources to conduct a thorough examination of Headway's compensation policies and practices and to vigorously prosecute claims against Headway to recover such damages.

51. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Headway's practices.

## COMMON FACTUAL ALLEGATIONS

52. Plaintiff and the members of the FLSA Collective and the California Class (collectively, "Class Members") have been victims of Headway's common policies and practices that violated their rights under the FLSA and California Wage Laws by requiring Sales Representatives to work in excess of 40 hours per week without overtime compensation for all overtime hours worked.

53. Headway employs Sales Representatives to sell its contract management and legal software.

54. Under the FLSA and the California Wage Laws, an employee is eligible for overtime compensation unless an exemption applies.

55. The primary duties of Plaintiff and Sales Representatives do not fall under any of the exemptions under overtime laws.

56. Sales Representatives perform inside sales work as their primary duty. "Inside sales" work means work performed by an employee from an employer's office (or a home

office), as opposed to "outside sales" work, which involves traveling, such as door-to-door sales. Sales Representatives' inside sales duties include identifying prospective customers, calling prospects, qualifying leads, booking sales calls, and/or closing sales.

57. Sales Representatives do not and did not meet customers in person but rather spent and spend virtually all of their time performing inside sales work via internet research and phone and email outreach.

58. Plaintiff and Sales Representatives are and were eligible to earn commissions based on various performance indicators.

59. Commissions do not and did not constitute the majority of Plaintiff's and other Sales Representatives' earnings.

60. Throughout their employment, Plaintiff and Class Members consistently worked more than 40 hours per week and eight hours per day.

61. Upon information and belief, Headway knew or should have known that overtime work was necessary for Sales Representatives to meet Headway' job expectations, and yet it failed to pay overtime for such work.

62. Headway sets quotas and productivity metrics for Sales Representatives to meet.

63. Headway fostered and continues to foster a competitive environment, encouraging its Sales Representatives to work long hours to hit sales metrics and earn commissions.

64. Plaintiff worked and Sales Representatives worked and work overtime hours to meet Headway's job requirements, identify and communicate with Providers to sell them Headway's products, and attempt to meet the quotas and productivity metrics set by Headway.

65. All of the work performed by Class Members was assigned by Headway, and Headway was aware that Plaintiff and Class Members worked more than 40 hours per workweek

and eight hours per day, yet Headway failed to pay them any overtime compensation.

66. Upon information and belief, Headway has and had a policy and pattern or practice of requiring Plaintiff and Class Members to work in excess of 40 hours per workweek and eight hours per day, without overtime compensation.

67. Headway failed to pay Plaintiff and failed and fails to pay Class Members time and one-half for hours worked over 40 in a workweek in violation of the FLSA and the California Wage Laws.

68. As part of its regular business practice, Headway has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and the California Wage Laws.

69. Headway's policy and pattern or practice includes but is not limited to:

a. Willfully misclassifying Plaintiff and Class Members as exempt from the protections of federal and state overtime laws;

b. Willfully failing to record all of the time that its employees, including Plaintiff and Class Members, worked for the benefit of Headway;

c. Willfully failing to keep payroll records as required by the FLSA and California Wage Laws; and

d. Willfully failing to pay its employees, including Plaintiff and Class Members, overtime wages for all of the overtime hours that they worked; and

e. Willfully failing to timely pay wages as required by the California Wage Laws.

70. Headway was or should have been aware that that federal and state wage and hour laws required Headway to pay its Sales Representatives overtime compensation for hours worked in excess of 40 per week.

71. Upon information and belief, given Headway's high ($2.3 billion) valuation, it had, or should have had, adequate resources to ensure that it was complying with applicable wage and hour laws, such as the requirement to pay overtime to employees unless a specific overtime exemption applies.

72. Headway was aware, or should have been aware, that Plaintiff's and other Sales Representatives' primary duties were sales-related tasks, based on its own job descriptions for Provider Growth Associates, Provider Sales Associate, and/or Account Executives, whom it describes as "sales expert[s]" who are "on the front line of expanding [] therapist networks through a full-cycle sales motion."

73. Headway was aware that Plaintiff and other Sales Representatives performed their duties "inside" – that is, from its offices or their homes, based on the work Headway assigned to Sales Representatives.

74. Upon information and belief, Headway was aware, or should have been aware, that inside sales duties do not fall within any overtime exemption under the FLSA or state wage and hour laws.

75. Upon information and belief, Headway was aware, or should have been aware, that it had to keep full and accurate records of the time Sale Representatives worked, but it failed to do so.

76. Upon information and belief, Headway failed to keep full and accurate records in order to mitigate liability for its wage and hour violations.

77. Headway knew or should have known that the nonpayment of overtime pay would financially injure Plaintiff and other Sales Representatives.

78. Plaintiff sent Headway written correspondence on February 3, 2026, regarding

Plaintiff's overtime claims.

79. Upon information and belief, Headway did not thereafter change its practice of classifying Sales Representatives as exempt employees.

80. Headway's failure to pay Plaintiff and Class Members overtime wages for their work in excess of 40 hours per week and eight hours per day was willful, intentional, and in bad faith. Headway did not ensure that its compensation practices with respect to Plaintiff and other Sales Representatives complied with federal or state law.

81. Headway's conduct has been widespread, repeated, and consistent.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**29 U.S.C. §§ 201, *et seq.***
**(Brought on behalf of Plaintiff and the FLSA Collective)**

82. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

83. Plaintiff and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

84. Headway employed Plaintiff and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to pay overtime to Plaintiff for all of the time worked in excess of 40 hours per week, at a rate of at least one and one-half times her regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

85. Plaintiff has expressed her consent to make these claims against Headway by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

86. Headway failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

87. Because Headway's violations of the FLSA were willful, a three-year statute of

limitations applies, pursuant to 29 U.S.C. § 255.

88. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and members of the FLSA Collective have incurred damages thereby, and Headway is indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
**California Wage Laws – Overtime Wages**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code §§ 510, 1194, 1198**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

89. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

90. California law requires employers, such as Headway, to pay overtime compensation to all non-exempt employees for hours worked over 40 per workweek and over eight per day.

91. Plaintiff and California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

92. At all relevant times, Plaintiff and California Class members worked in excess of 40 hours in a workweek and eight hours in a workday.

93. At all relevant times, Headway failed and refused to pay Plaintiff and California Class members overtime compensation for all of their overtime hours worked.

94. As a direct and proximate result of Headway's unlawful conduct, as set forth herein, Plaintiff and California Class members have sustained damages, including loss of earnings for hours of overtime worked for the benefit of Headway in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

95. Plaintiff and California Class Members' legal remedies for their unpaid overtime wages are inadequate because their equitable claims under the UCL are subject to a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a three-year statute of limitations.

**<u>THIRD CAUSE OF ACTION</u>**
**California Wage Laws – Record-Keeping Violations**
**California Wage Order Nos. 4-2001 & 7-2001; Cal. Lab. Code § 226**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

96. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

97. Headway knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to Plaintiff and California Class members in accordance with California Wage Order Nos. 4-2001 and 7-2001 and California Labor Code § 226(a). Such failure caused injury to Plaintiff and California Class members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.

98. Headway's failure to provide accurate wage statements is "knowing and intentional" under Labor Code § 226(e) because Headway knows that its wage statements do not accurately report hours worked or accurately report gross and net wages earned. Plaintiff and California Class members suffer injury as a result of Headway's violation of Labor Code § 226 because Plaintiff and California Class members cannot promptly and easily determine from the wage statement alone their hours worked and actual total gross and net wages earned.

99. Plaintiff and California Class members are entitled to and seek injunctive relief requiring Headway to comply with California Labor Code §§ 226(a) and further seek the amount provided under California Labor Code §§ 226(e) including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

($100) per employee for each violation in a subsequent pay period not to exceed an aggregate penalty of four thousand dollars ($4,000) per employee, as well as costs and attorneys' fees.

**FOURTH CAUSE OF ACTION**
**California Wage Laws – Wage Payment Provisions**
**Cal. Lab. Code §§ 201-203, 210**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

100. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

101. California Labor Code §§ 201 and 202 require Headway to pay its employees all wages due upon termination within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages. Headway's failure to pay timely wages at separation is willful under Labor Code § 203 because Headway knew or should have known that Plaintiff and California Class members worked overtime hours, yet it failed to pay them overtime premiums for the work they performed upon the termination of their employment.

102. Plaintiff and all California Class members who ceased employment with Headway are entitled to unpaid overtime compensation, but to date have not received such compensation.

103. More than thirty (30) days have passed since Plaintiff and certain California Class members left Headway's employment.

104. Plaintiff, on behalf of herself and California Class members, seeks waiting time penalties pursuant to California Labor Code § 203, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**<u>FIFTH CAUSE OF ACTION</u>**
**Failure to Timely Pay Wages by Each Payroll Period, Cal. Labor Code §§ 204, 210,**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

105. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

106. California Labor Code § 204 requires Headway to timely pay Plaintiff and California Class members "all wages," including their earned overtime premiums by the payroll periods specified by the statute.

107. Headway's failure to timely pay Plaintiff and California Class members their wages earned by each payroll period was and is willful. Headway knew or should have known that Plaintiff and California Class members were not paid for their overtime hours worked, yet it failed to pay them their earned wages within the payroll periods specified by the statute.

108. California Labor Code § 210(a) provides that employers who fail to pay wages as provided in § 204 are subject to statutory penalties of: (1) one hundred dollars ($100) for each failure to pay each employee for any initial violation; and (2) two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld, for each subsequent violation, or any willful or intentional violation.

109. Plaintiff, on behalf of herself and the California Class members, seeks penalties pursuant to California Labor Code § 210, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**<u>SIXTH CAUSE OF ACTION</u>**
**California Wage Laws – Business Expenses**
**Cal. Labor Code § 2802; Cal. Wage Order Nos. 4-2001 & 7-2001**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

110. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111. California Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Headway failed to indemnify and reimburse Plaintiff and the California Class members for necessary expenditures, including but not limited to personal home internet use, that they incurred as a direct result of the duties they performed for Headway's benefit and/or at Headway's direction.

112. As a result, Plaintiff seeks unreimbursed expenses, penalties, interest, costs incurred, and attorneys' fees pursuant to California Labor Code § 2802(b).

113. Plaintiff and California Class Members' legal remedies for their unreimbursed expenses are inadequate because their equitable claims under the UCL are subject to a four-year statute of limitations, whereas their legal claims under the Labor Code are subject to a three-year statute of limitations.

## SEVENTH CAUSE OF ACTION
**California Wage Laws – Unfair Competition**
**California Business & Professions Code §§ 17200, *et seq*.**
**(Brought by Plaintiff Individually and on Behalf of the California Class)**

114. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

115. Headway committed, and continued to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Headway's conduct as alleged herein has injured Plaintiff and California Class members by wrongfully denying them earned wages and therefore was substantially injurious to them.

116. Headway engaged in unfair competition in violation of the UCL by violating, inter alia, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

a. Failure to pay overtime compensation in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.* and Cal. Lab. Code §§ 510, 1194, 1198, and Wage Order Nos. 4-2001 and 7-2001;

b. Failure to timely pay wages due to California Plaintiff and separated California Class members upon termination of employment Cal. Lab. Code §§ 201-203, 210;

c. Failure to timely pay wages due to California Plaintiff and California Class members by the payroll periods specified by the statute in violation of Cal. Lab. Code § 204;

d. Failure to keep proper payroll records and provide accurate wages statements in violation of Cal. Lab. Code §§ 226 and Wage Order Nos. 4-2001 and 7-2001;

e. Failure to provide for the reimbursement of California Plaintiff and California Class members' expenses incurred while carrying out their employment or to comply with Headway's requirements, in violation of Cal. Lab. Code § 2802 and Wage Order Nos. 4-2001 and 7-2001.

117. Headway's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Headway's conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

118. The unlawful and unfair business practices and acts of Headway, described above, have injured Plaintiff and California Class members in that they were wrongfully denied the payment of earned overtime wages.

119. Plaintiff, individually and on behalf of the California Class, seeks recovery of attorneys' fees and costs of this action to be paid by Headway, as provided by the UCL and California Labor Code §§ 218, 218.5, and 1194.

120. Plaintiff, individually and on behalf of the California Class, seeks restitution in the amount of the respective unpaid wages earned and due, including for unpaid overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, or eight hours in a day, and double the regular rate of pay for work performed in

excess of 12 hours per day.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated current and former Sales Representatives, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action to the FLSA Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, liquidated damages, treble damages, penalties, statutory damages, and other damages owed pursuant to the FLSA and California Wage Laws;

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Appropriate equitable and injunctive relief to remedy violations, including an order enjoining Headway from continuing its unlawful practices;

E. Certification of the California Class pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F. Designation of Plaintiff as Class Representative for the California Class;

G. Designation of Plaintiff's counsel of record as Class Counsel;

H. A reasonable service award for Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other Sales Representatives, and the risks she has undertaken in doing so;

I. Attorneys' fees and costs of the action; and

J. Such other relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 17, 2026
New York, New York

Respectfully submitted,

*/s/ Melissa Stewart*_______

**OUTTEN & GOLDEN LLP**
Melissa L. Stewart
Aaron Bryce Lee
685 Third Avenue, 25th Floor
New York, NY 10017
Telephone: (212) 245-1000
Facsimile: (646) 509-2060
E-Mail: mstewart@outtengolden.com
E-Mail: alee@outtengolden.com

Molly Frandsen*
**OUTTEN & GOLDEN LLP**
1999 Harrison Street, Suite 1500
Oakland, CA 94612
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: mfrandsen@outtengolden.com

**Pro hac vice* motion forthcoming

*Attorneys for Plaintiff, the Putative Collective, and the Putative Class*